1
2
3
4
5
6
7
8
9
10        **UNITED STATES DISTRICT COURT**
11       **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  EXCELSIOR COLLEGE, | CASE NO. 04CV0535WQH |
| 14                    Plaintiff, | ORDER |
| 15        vs. | |
| CHARLES M. FRYE and PROFESSIONAL | |
| 16  DEVELOPMENT SYSTEMS SCHOOL OF | |
|     HEALTH SCIENCES, a California | |
| 17  corporation, | |
| 18                    Defendants. | |

Hayes, Judge:

19
20        The matters are pending before the Court are: 1) Plaintiff's Motion to include the

Defendant West Haven University, Inc. as a Judgment-Debtor (#377); 2) Plaintiff's Motion

21  to Enter Judgment under Federal Rule of Civil Procedure 54(b) against Defendants West

22  Haven University and Professional Development Systems School of Health Sciences (#391);

23  and 3) Defendants' Objections to Plaintiff's proposed final judgment.

24                          **BACKGROUND**

25        On May 5, 2006, this Court granted partial summary judgment in favor of Plaintiff

26  Excelsior College and against Defendant Charles M. Frye and Defendant West Haven

27  University, Inc. as to liability on Counts I, II, and III for copyright infringement of Plaintiff's

28  Nursing Concepts Content Guides.  In this same order, the Court found that Defendant West

Haven University, Inc. is liable for acts committed by Defendant Charles M. Frye prior to and during the existence of Defendant West Haven University, Inc.

On November 14, 2006, the jury returned a verdict against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences. The jury found the conduct of Charles M. Frye to be willful on Counts I, II, and III for copyright infringement of the content guides and awarded damages of $150,000.00 against Defendant Charles M. Frye on each count. The jury found in favor of Plaintiff on Count IV copyright infringement of the seven Excelsior College examinations. The jury awarded actual damages on Count IV in the amount of $99,084.00 for each of seven examination against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences for a total of $693,588.00 in actual damages. The jury further awarded to Plaintiff on Count IV profits gained in the amount of $3,500,481.70 against Defendant Charles M. Frye. The jury found in favor of Plaintiff on Count VI trade secret misappropriation and awarded damages in the amount of $346,794.00 against Defendant Charles M. Frye and in the amount of $346,794.00 against Defendant Professional Development Systems School of Health Sciences; and punitive damages in the amount of $1,082,101.00 against Defendant Charles M. Frye and $1,447,733.00 against Defendant Professional Development Systems School of Health Sciences.

On November 27, 2006, Defendant Charles M. Frye filed a Notice of Chapter 7 Bankruptcy Filing.

On November 28, 2006, Plaintiff moved the Court to include the Defendant West Haven University, Inc. as a judgment debtor in the final judgment. On the same date, pursuant to the direction of the Court, Plaintiff submitted a proposed final judgment resolving all claims against all Defendants. Defendants filed objections to Plaintiff's proposed final judgment and Plaintiff filed a response to the Defendants' objections.

On January 12, 2007, this Court ordered the action stayed only as to Defendant Charles M. Frye until further order of the Court.

On January 19, 2007, Plaintiff moved for a partial judgment pursuant to Rule 54(b) of

04cv0535

the Federal Rules of Civil Procedure against Defendant West Haven University and Defendant

Professional Development Systems School of Health Sciences.

On February 6, 2007, Defendant Charles M. Frye filed an "*Ex Parte* Status Notice and

Request" informing this Court that a hearing was held in the United States Bankruptcy Court

on the Plaintiff's motion to lift the stay and that the Bankruptcy Court indicated that it would

lift the stay in order to allow Plaintiff and Defendant Charles M. Frye to proceed in this forum

to final judgment. Defendant Charles M. Frye stated "[i]n light of the anticipated lifting of the

stay, in the interest of judicial economy and practical consideration for all concerned in that

all parties can proceed with post-trial motions, the Court is requested to stay the issuance of

an Order relative to PDS and WHU in favor of a single Judgment Order for all Defendants in

that the Bankruptcy Court is poised to grant Excelsior's request on February 27, 2007." Doc.

No. 392 at 2.

On February 9, 2007, Plaintiff Excelsior filed a response requesting that the Court enter

final judgment as to all parties as to all claims.

## DISCUSSION

*1) Plaintiff's Motion to include the corporate Defendant West Haven University, Inc. as a*
*Judgment-Debtor (#377)*

Plaintiff moves the Court to include Defendant West Haven University, Inc. as a

judgment debtor in the final judgment as to all claims.  Plaintiff requests that this Court

"exercise its equitable powers to impose corporate liability for Defendant Frye's actions and

include West Haven University, Inc. in the Final Judgment disposing of this action as a

judgment-debtor."  Plaintiff's Memorandum at 2.  Plaintiff relies upon California Civil

Procedure § 187 which allows the court to use "all means necessary" to carry a judgment into

effect.  Plaintiff asserts  that it is appropriate in this case to hold West Haven University liable

as a judgment debtor for all actions of Defendant Charles M. Frye.

Defendant West Haven University, Inc. contends that it cannot be held liable in the final

judgment for acts related to Count IV and Count VI because Plaintiff Excelsior withdrew these

counts against it prior to trial and it was never involved in any activity associated with the

allegations of Count IV and Count VI.  Defendant West Haven University, Inc. further asserts that successor liability does not attach to Counts I, II, and III under the circumstances of this case.

On May 8, 2006, this Court granted summary judgment against Defendant Charles M. Frye and Defendant West Haven University, Inc. for the three instances of copyright infringement set forth in Counts I, II, and III of the First Amended Complaint.   In this same order, the Court concluded that the West Haven University, Inc. is liable for the acts of Defendant Frye b/d/a/ West Haven prior to and during the existence of West Haven University, Inc. Order,  Docket No.  223 at 22.

On October 30, 2006, this Court granted the request by Defendant West Haven University, Inc. to be excused from trial.  The Court concluded that there were no issues for the jury to resolve against West Haven University, Inc. because the only remaining issues relating to liability of West Haven University, Inc. were based upon the "Frye's willfulness as to copyright infringement counts I, II, and III - which are . . . based on conduct predating West Haven's existence." Order, Docket No. 346 at 5. The jury found that Defendant Frye willfully infringed the copyrights in Counts I, II, and III and awarded damages in the total amount of $450,000.00.  Pursuant to the order of summary judgment and the verdict of the jury, this Court concludes that Defendant West Haven University, Inc. is liable as a judgment debtor for the $450,000.00 awarded by the jury against Defendant Frye in Counts I, II, and III; injunctive relief; and attorney fees in an amount to be determined.

Plaintiff's Motion to include the corporate Defendant West Haven University, Inc. as a Judgment-Debtor (#377) is granted as to the $450,000.00 awarded by the jury against Defendant Frye in Counts I, II, and III; injunctive relief; and attorney fees in an amount to be determined and otherwise denied.

*2) Plaintiff's Motion to Enter Judgment under Federal Rule of Civil Procedure 54(b) against Defendants West Haven University and Professional Development Systems School of Health Sciences (#391)*

Rule 54(b) provides "[w]hen more than one claim for relief is presented in an action,

04cv0535

. . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment." The order of summary judgment filed by the Court on May 8, 2006 and the jury verdict returned on November 14, 2006 resolve all claims in this case against all Defendants. Plaintiff are entitled to final judgment awarding monetary damages and permanent injunction against all Defendants.

Defendant Charles M. Frye initially avoided the entry of final judgment by filing for bankruptcy invoking the automatic stay. It appears at this time that the automatic stay will be lifted and judgment can be entered as to all Defendants and all claims. Plaintiff's Motion to Enter Judgment under Federal Rule of Civil Procedure 54(b) against Defendant West Haven University and Defendant Professional Development Systems School of Health Sciences (#391) on the grounds that final judgment is appropriate as to all Defendants on all claims.

*3) Defendant's Objections to Plaintiff's proposed final judgment*

Damages for Trade Secret Misappropriation

Defendants contend that actual damages awarded by the jury in the amount of $346,794.00 against Defendant Charles M. Frye and in the amount of $346,794.00 against Defendant Professional Development Systems School of Health Sciences on Count VI misappropriation of trade secrets are identical to the actual damages awarded by the jury on Count IV for copyright infringement of examination questions. Defendants assert that Plaintiff is not entitled to recover twice for the same economic harm under two alternative theories of recovery. Plaintiff contends that it is entitled to permanent injunctive relief for Defendants' copyright infringement and trade secret misappropriation. Plaintiff does not address the issue of the duplication of actual damages.

The jury awarded Plaintiff actual damages on Count IV copyright infringement of examination questions in the amount of $693,588.00 against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences. The jury awarded Plaintiff actual damages on Count VI misappropriation of trade secrets in the amount of

04cv0535

$346,794.00 against Defendant Charles M. Frye and $346,794.00 Defendant Professional Development Systems School of Health Sciences for a total of $693,588.00.  The jury was instructed on Count IV copyright infringement that the Plaintiff claimed infringement of seven Excelsior College Nursing Concepts examinations.  The jury was instructed on Count VI trade secret misappropriation that Plaintiff claims that Defendants misappropriated Plaintiff's trade secret protected Nursing Concept examinations.  Plaintiff has failed to suggest any theory under which this Court could find that the actual damages awarded on Count IV copyright infringement of examination questions are not duplicative of the actual damages awarded on Count VI trade secret misappropriation.  Plaintiff is entitled to recover the amounts awarded under Count VI for misappropriation of trade secrets for punitive damages in the amount of $1,082,101.00 against Defendant Charles M. Frye and in the amount of $1,447,733.00 against Defendant Professional Development Systems School of Health Sciences.  The Court finds that injunctive relief under both Count IV for copyright infringement of examination questions and Count VI for misappropriation of trade secrets is appropriate.

Prejudgment Interest

Defendants contend that Plaintiff has not established any basis for an award of prejudgment interest in this case.  Plaintiff asserts that prejudgment interest is available under federal copyright law and state trade secret misappropriation to compensate  fully a copyright owner for the misappropriated value of its property and to avoid unjust enrichment by Defendants.

Prejudgment interest is authorized under the Copyright Act of 1976 to "discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees."  *Polar Bear Productions, Inc. v. Timex Corporation*, 384 F.3d 700, 718 (9th Cir. 2004). "Prejudgment interest is a generally available remedy and its application in a particular case hinges on whether such an award would further the statute's purpose." *Id.*

In this case, the jury awarded actual damages for copyright infringement in Count IV in the amount of $693,588.00 against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences.  This Court finds that an award of

prejudgment interest to mitigate harm caused by the delay in making reparations is appropriate. The Court further finds that an award of prejudgment interest is appropriate on the jury's award of profits earned by Defendant Frye in the amount of $3,500,481.70 in Count IV. There are no facts in this particular case which would weigh against an award of pre-judgement interest on this element of compensation and an award of prejudgment interest on profits earned furthers the legislative purpose of "removing incentives for copyright infringement." *Id.*

The Court finds that an award prejudgment interest is not available on statutory damages under Counts I, II, and III or the punitive damages awarded on Count VI. Prejudgment interest is an element of compensation, not a penalty. *Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1288 (9th Cir. 1984).

There is no federal statutory rate on prejudgment interest. However, the Court of Appeals for the Ninth Circuit has held that "the measure of interest rates prescribed for post-judgment interest in 28 U.S.C. § 1961(a) is also appropriate for fixing the rate for prejudgment interest, in cases such as this, where pre-judgment interest may be awarded, unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." *Western Pacific Fisheries,* 730 F.2d at 1289. The Court will award prejudgment interest on the damages awarded by the jury in Count IV at the rate provided in 28 U.S.C. § 1961(a).

Attorney Fees

Defendants contends that Plaintiff is not entitled to an award of attorney fees in this case because "Defendants are clearly the prevailing party in the instant situation." Objections of Defendants to Plaintiff's Proposed Judgment and Order at 5. In the alternative, Defendants contends that the appropriate course when a prevailing party is only partially successful is to require each party to bear its own costs. Plaintiff contends that it is the prevailing party on its copyright infringement claims against each Defendant.

The Copyright Act provides "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by, or against any party other than the United States, or an officer thereof. Except as otherwise provided in this title, the court may also award a reasonable attorney's fees to the prevailing party as part of the cost." 17 U.S.C. § 505.

04cv0535

Plaintiff Excelsior College is the prevailing party on all claims of copyright infringement against the Defendants in this case. The jury found willful copyright infringement, misappropriation of trade secrets, and awarded punitive damages for the misuse of Plaintiff's copyrighted materials. The Court will enter final judgment finding that Plaintiff is the prevailing party on all claims of copyright infringement and that Plaintiff is entitled to an award of costs and attorney fees pursuant to 17 U.S.C. § 505 in an amount to be determined upon receipt of Plaintiff's supporting papers after consideration of Defendants' objections.

**CONCLUSION**

Based upon the record, the Court will award damages in the final judgment as follows: Counts I, II, and III: $450,000.00 against Defendant Charles M. Frye and Defendant West Haven University, Inc., joint and several liability; Count IV: $693,588.00 against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences, joint and several liability, and $3,500,481.70 against Defendant Charles M. Frye; Count VI: $1,082,101.00 against Defendant Charles M. Frye and $1,447,733.00 against Defendant Professional Development Systems School of Health Science; prejudgment interest on $693,588.00 against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences, joint and several liability, and $3,500,481.70 against Defendant Charles M. Frye; permanent injunctive relief against all Defendants; and costs and attorney fees to Plaintiff pursuant to 17 U.S.C. § 505 in an amount to be determined.

IT IS HEREBY ORDERED that 1) Plaintiff's Motion to include the corporate Defendant West Haven University, Inc. as a Judgment-Debtor (#377) is granted as to the $450,000.00 awarded by the jury against Defendant Frye in Counts I, II, and III; injunctive relief; and attorney fees in an amount to be determined and denied as to Counts IV and VI; and 2) Plaintiff's Motion to Enter Judgment under Federal Rule of Civil Procedure 54(b) against Defendants West Haven University and Professional Development Systems School of Health Sciences (#391) is denied. Plaintiff shall provide a second proposed final judgment as to all Defendants on all claims to the Court and to Defendants consistent with the rulings of the Court in this order. Upon receipt in this Court of the order of the Bankruptcy Court lifting the

1  stay, the Court will enter final judgment against all Defendants.  Plaintiff is further directed to

2  show cause why the consolidated case 04cv532 should not be dismissed.

3  DATED:  February 21, 2007

4
                                                    _William Q. Hayes_
                                                    **WILLIAM Q. HAYES**
5                                                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28