# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELSIOR COLLEGE,<br><br>          Plaintiff,<br>vs.<br>CHARLES M. FRYE; PROFESSIONAL DEVELOPMENT SYSTEMS SCHOOL OF HEALTH SCIENCES, a California corporation; and WEST HAVEN UNIVERSITY, Inc.,<br><br>          Defendants. | CASE NO. 04CV0535WQH<br><br>FINAL JUDGMENT AND PERMANENT INJUNCTION |

Hayes, Judge:

The above-entitled action was instituted by Plaintiff Excelsior College ("Excelsior College") on February 20, 2003, against the Defendants Charles M. Frye, Professional Development Systems School of Health Sciences, and West Haven University, Inc. The issues were tried to a jury and the jury rendered its verdict on November 14, 2006. Pursuant to the orders of this Court and the verdict of the jury:

**IT IS ORDERED, ADJUDGED AND DECREED THAT**

Judgment is rendered on **Counts I-III** in favor of the Plaintiff Excelsior College and against Defendant Charles M. Frye and Defendant West Haven University, Inc. for willful copyright


infringement of Excelsior College's copyrighted Content Guides.

Plaintiff Excelsior College is entitled to recover an award of damages from Defendant Charles M. Frye and Defendant West Haven University, Inc., joint and several, in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), representing the sum of the following:

**Count I** – Statutory damages for willful copyright infringement of U.S. Copyright Registration No. TX5-121-364 in the amount of One Hundred Fifty Thousand Dollars ($150,000.00).

**Count II** – Statutory damages for willful copyright infringement of U.S. Copyright Registration No, TX5-126-945 in the amount of One Hundred Fifty Thousand Dollars ($150,000.00).

**Count III** - Statutory damages for willful copyright infringement of U.S. Copyright Registration No, TX5-121-365, in the amount of One Hundred Fifty Thousand Dollars ($150,000.00).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**

Judgment is rendered on **Count IV** in favor of the Plaintiff Excelsior College and against the Defendant Charles M. Frye and Professional Development Systems School of Health Sciences for copyright infringement of the following seven (7) Excelsior College Examinations:

   a. Excelsior College Examinations, October 1, 2002 Administration, U.S. Copyright Reg. No. TX-5-637-617,
   b. ACT PEP: Regents College Examinations, February 8, 1996 Administration, U.S. Copyright Reg. No. TX-4-276-214,
   c. ACT PEP: Regents College Examinations, October 3, 1996 Administration, U.S. Copyright Reg. No. TX-4-442-168;
   d. ACT PEP: Regents College Examinations, February 6, 1997 Administration, U.S. Copyright Reg. No. TX-4-539-630;
   e. Regents College Examinations, October 1, 1997 Administration, U.S. Copyright Reg. No. TX-4-677-540;
   f. ACT PEP: Regents College Examinations, September 29, 1997 Administration, U.S. Copyright Reg. No. TX-4-677-541; and
   g. Regents College Examinations, October 1, 1999 Administration, U.S. Copyright Reg. No. TX-5-117-309.

and judgment is rendered on **Count VI** in favor of the Plaintiff Excelsior College and against

Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences for trade secret misappropriation. Plaintiff Excelsior College is entitled to recover an award of damages from Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences, as follows:

**Count IV** – Actual damages in the amount of Six Hundred Ninety-Three Thousand Five Hundred Eighty-Eight Dollars ($693,588.00) against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences, joint and several, and profits of Three Million Five Hundred Thousand Four Hundred Eighty-One Dollars and seventy cents ($3,500,481.70) against Defendant Charles M. Frye.

**Count VI** - Punitive damages against Defendant Charles M. Frye in the amount of One Million Eighty-Two Thousand One Hundred and One Dollars ($1,082,101.00), and punitive damages against Defendant Professional Development Systems School of Health Sciences in the amount of One Million Four Hundred Forty-Seven Thousand Seven Hundred Thirty-Three Dollars ($1,447,733.00).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**

Plaintiff Excelsior College is entitled to recover pre-judgment interest, pursuant to 28 U.S.C. §1961(a), on the amount of Six Hundred Ninety-Three Thousand Five Hundred Eighty-Eight Dollars ($693,588.00) against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences, joint and several, at a rate of 5.00% per annum, from the date of Plaintiff Excelsior College's commencement of this action on February 20, 2003, through February 20, 2007, for total interest in the amount of One Hundred Thirty-Eight Thousand Seven Hundred Seventeen Dollars and sixty cents ($138,717.60), and from Defendant Charles M. Frye on Three Million Five Hundred Thousand Four Hundred Eighty-One Dollars and seventy cents ($3,500,481.70), at a rate of 5.00% per annum, from the date of Plaintiff Excelsior College's commencement of this action on February 20, 2003, through February 20, 2007, for total interest

in the amount of Seven Hundred Thousand Ninety-Six Dollars and thirty-two cents ($700,096.32).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**

Based upon the above, final judgment in total damages is awarded to Excelsior College as follows:

**Counts I**, **II**, and **III**: Four Hundred Fifty Thousand Dollars ($450,000.00) against Defendant Charles M. Frye and Defendant West Haven University, Inc., joint and several liability;

**Count IV**: Six Hundred Ninety-Three Thousand Five Hundred Eighty-Eight Dollars ($693,588.00) plus interest in the amount of One Hundred Thirty-Eight Thousand Seven Hundred Seventeen Dollars and sixty cents ($138,717.60), for total judgment of Eight Hundred Thirty-Two Thousand Three Hundred Five Dollars and sixty cents ($832,305.60) against Defendant Charles M. Frye and Defendant Professional Development Systems School of Health Sciences, joint and several liability, and Three Million Five Hundred Thousand Four Hundred Eighty-One Dollars and seventy cents ($3,500,481.70) plus interest in the amount of Seven Hundred Thousand Ninety-Six Dollars and thirty-two cents ($700,096.32) for total judgment of Four Million Two Hundred Thousand Five Hundred Seventy-Eight Dollars and two cents ($4,200,578.02) against Defendant Charles M. Frye;

**Count VI**: One Million Eighty-Two Thousand One Hundred One Dollars ($1,082,101.00) against Defendant Charles M. Frye and One Million Four Hundred Forty-Seven Thousand Seven Hundred Thirty-Three Dollars ($1,447,733.00) against Defendant Professional Development Systems School of Health Sciences.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**

Judgment be granted in favor of Plaintiff Excelsior College and against Defendants Charles

M. Frye, West Haven University, Inc. and Professional Development Systems School of Health Sciences in an amount to be determined by this court, based upon the following additional sums:

1) Plaintiff Excelsior College is the prevailing party on all claims of copyright infringement, and Plaintiff is entitled to an award of costs and attorney's fees pursuant to 17 U.S.C. §505, in an amount to be determined upon receipt of Plaintiff's supporting papers, and after consideration of Defendants' objections.

2) Other taxable costs and disbursements incurred by Plaintiff, as the prevailing party, in an amount to be determined upon receipt of a Bill of Costs.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**

1) Pursuant to the Copyright Act, 17 U.S.C. §502(a), Defendants Charles M. Frye, Professional Development Systems School of Health Sciences, West Haven University, Inc., and their stockholders, officers, directors, agents, servants, employees, or affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them are permanently enjoined and restrained from any and all use of Excelsior College copyrights, trade secrets and other proprietary materials as further set forth herein;

2) Defendants Charles M. Frye and Professional Development Systems School of Health Sciences are permanently enjoined from, either directly or indirectly:

(A) infringing in any manner Excelsior College copyrighted works and specifically from printing, publishing, delivering, distributing, selling, transferring, copying, duplicating, reproducing, offering, displaying, marketing, transferring or communicating in any manner, orally or in written, printed, audio, photographic, electronic, or other form, any Excelsior College copyrighted Nursing Concepts Examination or any Excelsior College copyrighted Content Guide,

or any materials derived from any Excelsior College copyrighted works, including but not limited to the following:

 a. Excelsior College Examinations, October 1, 2002 Administration, U.S. Copyright Reg. No. TX-5-637-617;

 b. ACT PEP: Regents College Examinations, February 8, 1996 Administration, U.S. Copyright Reg. No. TX-4-276-214;

 c. ACT PEP: Regents College Examinations, October 3, 1996 Administration, U.S. Copyright Reg. No. TX-4-442-168;

 d. ACT PEP: Regents College Examinations, February 6, 1997 Administration, U.S. Copyright Reg. No. TX-4-539-630;

 e. Regents College Examinations, October 1, 1997 Administration, U.S. Copyright Reg. No. TX-4-677-540;

 f. ACT PEP; Regents College Examinations, September 29, 1997 Administration, U.S. Copyright Reg. No. TX-4-677-541;

 g. Regents College Examinations, October 1, 1999 Administration, U.S. Copyright Reg. No. TX-S-l17-309;

 h. Health Support A: Health Promotion and Health Protection Content Guide (Baccalaureate Level). U.S. Copyright Registration No. TX5-121-364;

 i. Health Restoration: Area II Content Guide (Baccalaureate Level). U.S. Copyright Registration No. TX5-126-945; and

 j. Health Support B: Community Health Nursing Content Guide (Baccalaureate Level). U.S. Copyright Registration No. TX5-121-365.

(B) Preparing derivative questions based on and Excelsior College copyrighted works;

(C) Debriefing or otherwise intentionally or knowingly obtaining from any person, questions or answers from any Excelsior College Nursing Concepts exam;

(D) Compiling, or attempting to compile, any Excelsior College examination questions and/or answers identified herein or in any existing or future Excelsior College examinations;

    (E)  Assisting, aiding, or abetting any other person or business entity engaging or performing any of the enjoined activities referred to in paragraphs (A)-(D) above.

    3)  Defendants Charles M. Frye and Professional Development Systems School of Health Sciences are permanently enjoined from using, acquiring or attempting to acquire, directly or indirectly any materials containing trade secrets or proprietary materials of Excelsior College, including but not limited to Excelsior College examination questions or answers or any materials derived from any Excelsior College examination questions or answers.

    The Clerk is directed to forward copies of this Order to all counsel of record and to enter judgment for the Plaintiff Excelsior College, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED:  March 23, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge