# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELSIOR COLLEGE,<br><br>                  Plaintiff,<br>vs.<br>CHARLES M. FRYE; PROFESSIONAL DEVELOPMENT SYSTEMS SCHOOL OF HEALTH SCIENCES, a California corporation; and WEST HAVEN UNIVERSITY, Inc.,<br><br>                  Defendants. | CASE NO. 04CV0535WQH<br><br>ORDER |

Hayes, Judge:

    The matter before the Court is the Ex Parte Request to file Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60(b) filed by Defendant Charles M. Frye (#471).

    On November 14, 2006, the jury rendered its verdict against the Defendants Charles M. Frye, and Professional Development Systems School of Health Sciences and in favor of Plaintiff Excelsior. (Doc. # 368).

    On March 23, 2007, this Court entered a "Final Judgment and Permanent Injunction." awarding damages against Defendant Charles M. Frye and Defendant West Haven University on Counts I, II, and III for copyright infringement; against Defendants Charles M. Frye and Professional Development Systems School of Health Sciences on Count IV and VI for

1 copyright infringement and trade secret misappropriation. (Doc. # 417).

2 On June 14, 2007, this Court entered an order denying the Motion for New Trial filed
3 by Defendant Charles M. Frye, the Motion to Reduce Damage Award and for Other Relief
4 filed by Defendant Charles M. Frye, and the Motion for New Trial filed by Defendant
5 Professional Development Systems School of Health Sciences. (Doc. # 431).

6 On July 3, 2007, Defendant Charles M. Frye filed a Notice of Appeal from the Final
7 Judgment entered on June 14, 2007 and the denial of the Defendant's post-trial motions. This
8 appeal remains pending before the Court of Appeals.

9 On May 29, 2008, Defendant Charles Frye filed an Ex parte Request to file Motion for
10 Relief from Judgment pursuant to Fed.R.Civ.P. 60(b). Defendant Frye asserts that Plaintiff
11 gained its judgment in this case based upon fraud, misrepresentations and misconduct.
12 Defendant Frye asserts that he is confident of prevailing on appeals and that this court should
13 exercise jurisdiction to resolve this matter.

14 Fed.R.Civ.P. 60(b) provides in part that "the court may relieve a party ... from a final
15 judgment ... for ... fraud, misrepresentation, or misconduct by an opposing party." This Court
16 examined Defendant Frye's claims of "unfair litigation strategies" when it denied the motion
17 for a new trial. There are no grounds for this court to further exercise jurisdiction over this
18 matter.

19 IT IS HEREBY ORDERED that the Ex parte Request to file Motion for Relief from
20 Judgment pursuant to Fed.R.Civ.P. 60(b) filed by Defendant Charles M. Frye (#471) is
21 DENIED.

22 DATED: June 11, 2008

23
                                        **WILLIAM Q. HAYES**
24                                         United States District Judge