# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELSIOR COLLEGE,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>CHARLES M. FRYE; PROFESSIONAL DEVELOPMENT SYSTEMS SCHOOL OF HEALTH SCIENCES, a California corporation; and WEST HAVEN UNIVERSITY, Inc.,<br><br>　　　　　　　　　Defendants. | CASE NO. 04CV0535WQH<br><br>ORDER |

Hayes, Judge:

　　The matter before the Court is the Ex Parte Request to stay this action to initiate contempt proceedings in the Bankruptcy Court filed by Defendant Charles M. Frye (#477).

　　On November 14, 2006, the jury rendered its verdict against the Defendants Charles M. Frye, and Professional Development Systems School of Health Sciences and in favor of Plaintiff Excelsior. (Doc. # 368).

　　On November 22, 2006, Defendant Frye filed a Chapter 7 voluntary petition for relief in the United States Bankruptcy Court for the Central District of California.

　　On March 23, 2007, this Court entered a "Final Judgment and Permanent Injunction" awarding damages against Defendant Charles M. Frye and Defendant West Haven University on Counts I, II, and III for copyright infringement; against Defendants Charles M. Frye and Professional Development Systems School of Health Sciences on Count IV and VI for copyright infringement and trade secret misappropriation. (Doc. # 417). Plaintiff Excelsior

1 College filed a complaint in the bankruptcy proceeding to determine the dischargeability of
2 the judgment debt in this case.

3     On July 3, 2007, Defendant Charles M. Frye filed a Notice of Appeal from the Final
4 Judgment and the denial of the Defendant's post-trial motions. This appeal remains pending
5 before the Court of Appeals.

6     On October 30, 2007, the Bankruptcy Court issued a ruling granting Excelsior College
7 a nondischargeable judgment on Counts I, II, III, IV and VI of the judgment in this case,
8 totaling $6,564,984.62.

9     On February 13, 2008, final judgment was entered in the Bankruptcy Court in favor of
10 Excelsior College and the Bankruptcy Court ordered that the obligations to Excelsior College
11 in the judgment in this case are excepted from any discharge injunction.

12     On May 20, 2008, Plaintiff Excelsior College filed a Motion to compel post-judgment
13 discovery (Doc. # 470). This matter was referred to the Magistrate Judge.

14     On June 18, 2008, Defendant Charles Frye filed a Motion requesting that this Court
15 "stay in proceedings relative to 'Plaintiff Excelsior College's Motion to Compel' ... to permit
16 a contempt proceeding to be brought against Plaintiff Excelsior College ... in the United States
17 Bankruptcy Court, Central District of California ... for violating the Discharge Order." (Doc.
18 # 477 at 1). Plaintiff Excelsior College opposes a stay.

### RULING OF THE COURT

20     The District Court has the inherent power to stay its proceedings. *See Landis v. North*
21 *American Co.,* 299 U.S.. 248, 254 (1936). Defendant Frye has not stated any facts or law to
22 support a stay in the matter. IT IS HEREBY ORDERED that Ex Parte Request to stay this
23 action to initiate contempt proceedings in the Bankruptcy Court filed by Defendant Charles
24 M. Frye (#477) is denied.

25 DATED: September 19, 2008

26

                *William Q. Hayes*
            **WILLIAM Q. HAYES**
27             United States District Judge

28