UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELSIOR COLLEGE,<br><br>  Plaintiff,<br>v.<br><br>CHARLES M. FRYE; PROFESSIONAL DEVELOPMENT SYSTEMS SCHOOL OF HEALTH SCIENCES; and WEST HAVEN UNIVERSITY,<br><br>  Defendants. | Civil No.04CV535-WQH(LSP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY (DOC. 470)** |

Plaintiff Excelsior College seeks to compel responses to post judgment interrogatories and requests for documents that were issued to Defendants Charles Frye, West Haven University and Professional Development Systems School of Health Sciences. The motion is opposed by Defendant Frye, a pro se litigant. Defendants West Haven University and Professional Development Systems School of Health Sciences (jointly referred to hereafter as the "Corporate Defendants") have not filed an opposition to Plaintiff's motion. As explained below, the motion is granted with regard to the discovery propounded on Mr. Frye and denied with respect to the Corporate Defendants.

### *DISCUSSION*

Mr. Frye initiated a Chapter 7 bankruptcy proceeding in the Central District of California on November 22, 2006. Plaintiff filed an adversary complaint in the bankruptcy case requesting a

1

determination that debts arising from this case be excepted from Frye's discharge under 17 U.S.C. § 523(a)(6). On Feb. 15, 2007, Judge Bluebond granted Excelsior College's motion for relief from stay for purposes of this Court's entering final judgment against Frye individually. Thereafter, Judge Bluebond ruled the judgment entered in this case was nondischargeable on Counts I, II, III, IV, and VI, totaling $6,564,984.62. Frye's subsequent motion for reconsideration was denied and final judgment was entered on Feb. 13, 2008. On consideration of Frye's appeal, the U.S. Bankruptcy Appellate Panel of the Ninth Circuit affirmed Judge Bluebond's decision on August 19, 2008.

In order to obtain information to assist with executing on the judgment from this case, Plaintiff propounded written discovery on each of the defendants on March 27, 2008, pursuant to Fed. R, Civ. P. 69(a)(2), which permits a judgment creditor to conduct discovery from the judgment debtor as provided in the Federal Rules of Civil Procedure or procedure of the state where the court is located.

### ***Post Judgment Discovery as to Charles Frye:***

Requests for Documents and Interrogatories were served on Mr. Frye on March 27, 2008. *Declaration of David Miranda in Support of Plaintiff's Motion to Compel, Ex. A1 and A4.*

Mr. Frye objects to many of the discovery requests on the grounds he will not provide any information that would adversely affect his ability to pay past due child or family support to his ex-wife. However, the issue as to whether Mr. Frye's child support obligations are superior to Plaintiff's judgment is irrelevant to Plaintiff's right to conduct discovery regarding Mr. Frye's assets.

Mr. Frye further contends that in his bankruptcy action he listed certain assets as exempt, including the Corporate Defendants. Because Plaintiff did not object to the exemption, Mr. Frye claims the assets are not available to satisfy any pre-bankruptcy debt and, therefore, discovery relating to these assets is irrelevant. Although an individual debtor may exempt certain property from inclusion in the bankruptcy estate, Mr. Frye's objection is not well based on two accounts. 11 U.S.C. §522; Cal. Code. of Civ. Proc. § 703.140(b).[1] First, the discovery requests are more broad in scope than the assets that Mr. Frye claims are exempted. Second, a debtor's interest in property that is exempted is subject to

---

[1] Cal. Code Civ. Proc. § 703.140(b), California's exemption statute was recently found to violate the Supremacy Clause. *In re: Regevig*, 2008 WL 2502981 (Bankr. D. Ariz. June 24, 2008). However, this decision has no bearing on the inquiry as to whether discovery can be conducted of assets that were exempted from the bankruptcy estate.

1  statutory limits.  See e.g. Cal. Code. of Civ. Proc. § 703.140(b)(6) (limiting the value of a debtor's
2  aggregate interest in "any implements, professional books, or tools of the trade of the debtor" to $1,750).
3       The information and documents sought by Plaintiff are directly relevant to judgment collection
4  efforts.  Mr. Frye's objections, therefore, are overruled.

     ***Post Judgment Discovery as to the Corporate Defendants:***

6       Ken Simonian, Esq. is counsel of record for the Corporate Defendants, however, the proofs of
7  service for the discovery requests to these defendants indicate they were served only on Mr. Frye.  *Dec.*
8  *of David Miranda, Ex. A3 and A5*.  If a party is represented by counsel, "service **must** be made on the
9  attorney unless the court orders service on the party."  Fed. R. Civ. P. Rule 5(b)(1) *emphasis added*.
10 Therefore, Plaintiff's motion to compel is denied as to the corporate defendants due to improper service.

### *CONCLUSION*

12      Based on the foregoing, Plaintiff's motion to compel is GRANTED with respect to Mr. Frye.
13 Mr. Frye shall provide full and complete responses to Plaintiff's interrogatories and requests for
14 documents no later than <u>October 17, 2008</u>.  The motion is DENIED as to the Corporate Defendants.
15 DATED:  October 2, 2008

_____
Hon. Leo S. Papas
U.S. Magistrate Judge