1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EXCELSIOR COLLEGE, | ) | Civil No.04CV535-WQH(LSP) |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT** |
| v. | ) | **FRYE'S *EX PARTE* APPLICATION** |
| | ) | **(DOC. NO. 505)** |
| CHARLES M. FRYE; PROFESSIONAL | ) | |
| DEVELOPMENT SYSTEMS SCHOOL OF | ) | **REPORT & RECOMMENDATION RE:** |
| HEALTH SCIENCES; and WEST HAVEN | ) | **PLAINTIFF'S MOTION FOR** |
| UNIVERSITY, | ) | **CONTEMPT & CERTIFICATION OF** |
| | ) | **FACTS PURSUANT TO 28 U.S.C. §** |
| Defendants. | ) | **636(e) (DOC. NO. 494)** |
| | ) | |

Before the Court are two matters. The first is a motion filed by Plaintiff Excelsior College ("Excelsior") to hold Defendant Charles M. Frye ("Mr. Frye") in civil contempt for failing to abide by Court's order entered October 2, 2008, granting Excelsior's motion to compel responses to post-judgment discovery. The motion is opposed by Mr. Frye who also filed the second matter, an *ex parte* application seeking to strike Excelsior's brief replying to Mr. Frye's opposition. The motion and *ex parte* application were referred to this Court for determination.[1] As set forth below, Mr. Frye's *ex parte* application is DENIED and the Court RECOMMENDS the district court order Mr. Frye to show cause

---

[1] The relief sought by Excelsior's motion for contempt exceeds the authority afforded a magistrate judge and, therefore, the Court issues a report and recommendation and certification of contempt pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) instead of a determination.

1

why he should not be held in contempt of court by reason of the facts certified herein.  It is also RECOMMENDED that Mr. Frye be compelled to provide further discovery responses.

### EX PARTE APPLICATION TO STRIKE

Mr. Frye requests the Court strike Excelsior's reply brief in support of its motion to compel. Excelsior's reply brief does not contain content that is so redundant, immaterial, or scandalous so as to warrant intervention under Fed. R. Civ. P. Rule 12(f).  Accordingly, the *ex parte* application is DENIED and the parties' respective arguments regarding the underlying motion are considered on their merits.

### MOTION FOR CONTEMPT

Magistrate judges' contempt authority is spelled out in 28 U.S.C. § 636(e)(6).  Absent action in the presence of the magistrate judge or in two types of instances, a civil consent action or a criminal misdemeanor case, a magistrate judge must certify contempt to the district court.  Specifically the statute provides:

> The magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.  28 U.S.C. § 636(e)(6).

## I.    CERTIFIED FACTUAL FINDINGS

The pertinent facts are:

1.    Excelsior's post-judgment interrogatories and request for production of documents were served on Mr. Frye on March 27, 2008.  Doc. No. 470, *Declaration of David Miranda in Support of Plaintiff's Motion to Compel, Ex. A1 and A4.*

2.    Mr. Frye objected to many of the interrogatories and request for production of documents on the grounds he would not provide any information that would adversely affect his ability to pay past due child or family support to his ex-wife.  He further asserted that in his bankruptcy action he listed certain assets as exempt, including the Corporate Defendants, and because Excelsior did not object to the exemption, the assets were not available to satisfy any pre-bankruptcy debt.

Doc. No. 470, *Declaration of David Miranda in Support of Plaintiff's Motion to Compel, Ex. D1 and D2.*

3.   Excelsior thereafter filed a motion to compel responses to the interrogatories and production of documents.  The motion was opposed by Mr. Frye.  The parties briefs in connection with the motion are contained within the Court's records.  Doc. No. 470, 481 & 482.

4.   After thorough consideration of the parties' arguments and applicable legal authorities, the Court concluded the issue as to whether Mr. Frye's child support obligations was superior to Excelsior's judgment was irrelevant to Excelsior's right to conduct discovery regarding Mr. Frye's assets.  The Court also concluded that although an individual debtor may exempt certain property from inclusion in the bankruptcy estate, Mr. Frye's objection was not well based on two accounts.  First, the discovery requests were broaded in scope than the assets that Mr. Frye claimed were exempted.  Second, a debtor's interest in property that is exempted is subject to statutory limits.  See e.g. Cal. Code. of Civ. Proc. § 703.140(b)(6) (limiting the value of a debtor's aggregate interest in "any implements, professional books, or tools of the trade of the debtor" to $1,750).  The information and documents sought by Excelsior are directly relevant to judgment collection efforts and Mr. Frye's objections, therefore, were overruled.  Based on the foregoing, On October 2, 2008, the Court granted in part Excelsior's motion to compel post-judgment interrogatories and request for production of documents and ordered Mr. Frye to "provide full and complete responses to Plaintiff's interrogatories and requests for documents" by October 17, 2008.[2]  Doc. No. 490.

5.   On October 17, 2008, Mr. Frye served Excelsior with his written responses to the interrogatories and requests for documents.  Doc. 494, *Declaration of David Miranda in Support of Plaintiff's Motion to Compel, Ex. D and E.*

6.   Mr. Frye's written response to the request for production of documents states he will make responsive documents available for inspection and copying, however, no documents have been produced.  *Id., Ex. E.*

---

[2]  The motion was denied with respect to the corporate defendants because Excelsior had not effected proper service as to these parties.

7.    As explained below, it is this Court's opinion that Mr. Frye's failure to produce documents responsive to Excelsior's request violates the Court's order to provide full and complete responses.

8.    As explained below, it is this Court's opinion that Mr. Frye's responses to interrogatories 6 and 8-12 are incomplete and evasive and in violation of the Court's order to provide full and complete responses.

## II.    DISCUSSION

### A.    Request for Documents

Although Mr. Frye's written response to the request for production of documents states he will make responsive documents available for inspection and copying, he has not done so. Mr. Frye contends the written response informed Excelsior documents were available and the burden then shifted to Excelsior to arrange for a reasonable time to inspect and copy them, which it did not do. The Court finds Mr. Frye's analysis disingenuous and counter to the Court's prior instruction.

Generally, the producing party bears the responsibility of reviewing, compiling and copying documents for production, although costs may be allocated to the requesting party under certain circumstances. Fed. R. Civ. P. 34(b)(2)(E). Mr. Frye has capably represented his interests in this litigation since 2004 and is familiar with discovery practices including specifically document produc-tion. As such, he should have understood the Court's order required him to produce copies of all documents responsive to Excelsior's request by October 17, 2008.

### B.    Interrogatories

Excelsior contends Mr. Frye's responses to interrogatories 1-3, 6, 8-10, 11-12, 19 and 21 are incomplete and evasive.

### *Interrogatories No. 1-3, 19*

These interrogatories seek information regarding all banks with which Mr. Frye and his d/b/a businesses maintain accounts. Mr. Frye provided information about one account with Westcom Credit Union and states the account "will be closed forthwith." See *Declaration of David P. Miranda in support of motion for contempt, Ex. E* at p. 34, Response to Interrogatory No. 1.

4

1         Excelsior claims it is entitled to full disclosure of all accounts, past and present, however, the

2   interrogatories only request present account information, not historical.  Excelsior claims other accounts

3   exist but the evidence proffered is hearsay and circumstantial.   Even if the evidence was admissible it

4   does not establish that Mr. Frye maintained other accounts at the time the interrogatory was answered.

5         Although Excelsior has not shown Mr. Frye's response violates the Court's order, in consider-

6   ation of the fact Mr. Frye represented he was closing the account shortly after his response was made it is

7   reasonable to require him to provide updated responses to these interrogatories.

8         ***Interrogatory No. 6***

9         This interrogatory seeks information regarding Mr. Frye's monthly salary.  Mr. Frye responded he

10  "is not a wage earning employee of any person or entity."  *Id.* at p. 36, Response to Interrogatory No. 6.

11  In response to the previous interrogatory requesting employment information Mr. Frye states he is

12  affiliated with Professional Development Systems and West Haven University.  *Id.* at p. 35, Response to

13  Interrogatory No. 5.  Clearly he makes a living through income from these entities, whether it be in the

14  form of wages or otherwise.  Mr. Frye's parsing the definition of "salary" to avoid accounting for this

15  income frustrates the intent of the interrogatory and the Court's order compelling his response.

16        ***Interrogatories No. 8 - 10***

17        These interrogatories seek information regarding Mr. Frye's residential address.  Mr. Frye

18  maintains he does not have one, as he did in response to the earlier motion to compel.  *Id.* at p. 36-37,

19  Response to Interrogatory No. 8-10.  Regardless of whether Mr. Frye's living accommodation is a

20  "residence" or something less conventional, he has resided and continues to reside somewhere.  His

21  steadfast refusal to provide any information on this subject frustrates the intent of the interrogatory and

22  the Court's order compelling his response.

23        ***Interrogatories 11 - 12***

24        These interrogatories seek information about real property in which Mr. Frye has an interest.  Mr.

25  Frye responds that he has no interest in any real property because any such interest was transferred to the

26  bankruptcy estate.  *Id.* at p. 37, Response to Interrogatory No. 6.

27        Excelsior contends the response is incomplete and not forthright because it is entitled to

28  information about any property that Mr. Frye has transferred, exempted or sold, however, this argument

1   exceeds the scope of the interrogatory which only called for information about property in which Mr.

2   Frye currently has an interest. On the other hand, Mr. Frye's response is a regurgitation of arguments

3   that were made in opposition to Excelsior's prior motion to compel and rejected at that time. As such his

4   response thwarts the purpose of the Court's order compelling his response.

5         ***Interrogatory No. 21***

6         This seeks information regarding Mr. Frye's employees. He claims he "has no employees that

7   have been on his payroll during the time indicated." *Id.* at p. 41, Response to Interrogatory No. 21.

8   Excelsior points out that Mr. Frye's papers are served by an individual other than himself and the West

9   Haven University website identifies another individual as the "Registrar," however, there is no evidence

10   to corroborate Excelsior's claim these individuals are currently on Mr. Frye's payroll. Therefore, the

11   evidence does not establish the response is incomplete or misleading.

12                              ***CONCLUSION***

13         As explained above, Mr. Frye has not established a basis to strike Excelsior's reply brief and,

14   therefore, his *ex parte* application is DENIED.

15         It is this Court's opinion that Mr. Frye is engaged in an ongoing effort to conceal his assets from

16   Excelsior's reach, as evidenced by the inordinate amount of effort Excelsior has expended in an effort to

17   obtain very basic information regarding Mr. Frye's financial status. The Court hereby CERTIFIES the

18   above facts to the district court to conduct further proceedings and for potential findings of contempt and

19   appropriate criminal or civil sanctions.

20         In addition to whatever sanctions the district court may deem appropriate, this Court RECOM-

21   MENDS Mr. Frye be compelled to immediately: 1) produce copies of all documents responsive to the

22   document request to the Heslin Rothenberg Farley & Mesiti firm; 2) provide further written responses,

23   including updated and current information, to all interrogatories addressed above, regardless of whether

24   Mr. Frye's prior written response is concluded to be deficient.

25   DATED: March 25, 2009

26

27                                       _____

28                                     Hon. Leo S. Papas
                                      U.S. Magistrate Judge