# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELSIOR COLLEGE,<br><br>                    Plaintiff,<br>vs.<br>CHARLES FRYE, et al.,<br><br>                    Defendants. | CASE NO. 04cv535 WQH (LSP)<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the (1) Motion for an Order Finding Contempt (Doc. # 494) filed by Excelsior College, and (2) Report and Recommendation (Doc. # 514) filed by United States Magistrate Judge Leo S. Papas.

## **Background**

    On October 31, 2008, Excelsior College ("Excelsior") filed the Motion for an Order Finding Contempt ("Motion for Contempt"). Excelsior contends that on March 23, 2007, this Court entered a final judgment against Charles Frye totaling $6,564,984.62, but that "Frye has focused his efforts on avoiding disclosure of assets and payment of judgment." *Mot. for Contempt,* p. 1. Excelsior contends that on March 27, 2008, it served Frye with a post-judgment request for production of documents and post-judgment interrogatory requests. Excelsior contends that Frye's initial responses failed to provide any substantive information or documents. Excelsior contends that on May 20, 2008, it moved for an order compelling Frye to comply with the post-judgment requests for documents and interrogatories (Doc. #

1  470). Excelsior contends that on October 2, 2008, Magistrate Judge Papas issued an order
2  ("October 2 Order") granting the motion to compel, which stated that Frye "shall provide full
3  and complete responses to Plaintiff's interrogatories and requests for documents no later than
4  October 17, 2008" (Doc. #490). Excelsior contends that "Magistrate Papas entered a specific
5  and definite order that directed Defendant Frye to provide full and complete responses to
6  Plaintiff's interrogatories and requests for documents no later than October 17, 2008." *Mot.*
7  *for Contempt,* p. 4. Excelsior contends that "Frye's violation of the Court's Order is clear and
8  unambiguous" in that "Frye has not provided full and complete responses to either the
9  interrogatories or document requests." *Id.* Specifically, Excelsior asserts that Frye has failed
10 to provide any relevant documents in response to Excelsior's document requests, and that Frye
11 has failed to provide full and complete responses to Excelsior's interrogatories 1-3, 19 (which
12 seek information related to all banks in which Frye maintains and account or interest), 6 (which
13 seek information regarding Frye's monthly salary), 8-10 (which seek information regarding
14 Frye's residential address), 11-12 (which seek information regarding real property owned by
15 Frye), and 21 (which seek information regarding Frye's employees over the last three years).
16 Excelsior contends that Frye is in contempt of the October 2 Order, and requests that the Court
17 "impose appropriate sanctions to coerce compliance with the Court's order." *Mot. for*
18 *Contempt,* p. 9. On November 14, 2008, Frye filed an opposition to the Motion for Contempt
19 (Doc. # 502). On November 21, 2008, Excelsior filed a reply (Doc. # 504).

20  On March 25, 2009, Magistrate Judge Papas issued the Report and Recommendation
21 ("R&R"), which certifies facts to this Court, recommends that this Court order Frye to show
22 cause why he should not be held in contempt, and recommends that this Court compel Frye to
23 provide further discovery responses. With respect to Excelsior's request for documents, the
24 R&R states that "[a]lthough Mr. Frye's written response to the request for production of
25 documents states that he will make responsive documents available for inspection and copying,
26 he has not done so." *R&R,* p. 4. The R&R further states that Frye's "written response
27 inform[ing] Excelsior documents were available and the burden then shifted to Excelsior to
28 arrange for a reasonable time to inspect and copy them" is "disingenuous and counter to the

1   Court's prior instruction" as Frye "should have understood the Court's order required him to
2   produce copies of all documents responsive to Excelsior's request by October 17, 2008." *Id.*
3   With respect to interrogatories 1-3, and 19, the R&R stated that Frye "provided information
4   about one account with Westcom Credit Union and states the account will be closed
5   forthwith." *Id.* (quotations omitted).  The R&R concluded that "[a]lthough Excelsior has not
6   shown Mr. Frye's response violates the Court's order, in consideration of the fact Mr. Frye
7   represented he was closing the account shortly after his response was made it is reasonable to
8   require him to provide updated responses to these interrogatories." *Id.* at 5.  With respect to
9   interrogatory 6, the R&R concluded that Frye's response that he is not a wage earning
10  employee "frustrates the intent of the interrogatory and the Court's order compelling his
11  response." *Id.*  With respect to interrogatories 8-10, the R&R concluded that Frye's "steadfast
12  refusal to provide any information" regarding his residential address "frustrates the intent of
13  the interrogatory and the Court's order compelling his response."  *Id.*  With respect to
14  interrogatories 11-12, the R&R concluded the Frye's response - that he has no interest in any
15  real property because such interest was transferred to the bankruptcy estate - "is a regurgitation
16  of arguments that were made in opposition to Excelsior's prior motion to compel and rejected
17  at that time," and therefore "thwarts the purpose of the Court's order compelling his response."
18  *Id.* at 5-6.  With respect to interrogatory 21, the R&R concluded that the evidence does not
19  establish that Frye's response is incomplete or misleading.

20          On April 6, 2009, Frye filed objections to the R&R (Doc. # 517).  With respect to
21  Excelsior's request for production of documents, Frye contends he has informed Excelsior that
22  the requested documents were available for inspection, and that "the burden then shifted to
23  Excelsior to arrange for a reasonable time to inspect and copy them, which it did not do."
24  *Objections,* p. 4.  Frye requests "that the order recommending a finding of contempt be vacated
25  and Excelsior be served notice that the burden is on it to arrange for inspection of documents
26  at Frye's location or a mutually agreed to location."  *Id.*  With respect to the interrogatories,
27  Frye contends that "any argument with the Court regarding its finding relative to
28  interrogat[ories is] counterproductive and serves notice herein of the corrective action he has

already taken." *Id.* at 1.

Frye submitted the second amended response to Excelsior's post-judgment interrogatories in support of his objections. *Objections,* Exhibit 1. In response to interrogatory 1, Frye states that he maintains an account or interest with Coamerica Bank, 6812 Katella Avenue, Cypress, CA 90630, and with Westcom Credit Union, 1234 South Marengo Ave., Pasadena, CA. Frye states that the Westcom Credit Union account is now closed. In response to interrogatory 2, Frye states that the precise names on the Coamerica Bank accounts are Charles M. Frye d/b/a West Haven University and Charles M. Frye d/b/a Center for Nurse Education and Training. Frye lists the account numbers associated with each of his accounts. In response to interrogatory 3, Frye states that Charles M. Frye is the person with authority to use/ expend funds. In response to interrogatory 19, Frye states that Coamerica Bank is the bank used by all businesses, corporations, partnerships or joint ventures in which Frye currently has an ownership or financial interest. In response to interrogatory 6, Frye states that "Frye does not have a 'monthly salary' in the usual sense of the word. However, his monthly gross income ranges from $4,000 to $8,000 from operating the businesses listed in response to Interrogatory No. 5. From that amount he pays for expenses associated with operating the businesses, licenses, advertisement, and supplies." *Id.* In response to interrogatory 8, Frye states that his current residential address is 5396 Lincoln Ave., Suite A, Cypress, CA 90630. In response to Interrogatory 9, Frye states that he rents his current residential address location. In response to interrogatory 10, Frye states that his rent is $700.00 per month plus utilities, and states his landlord's name, address and phone number. In response to interrogatories 11 and 12, Frye states: "Defendant Frye has no interest in real property." *Id.* In response to interrogatory 21, Frye states that "Defendant Frye has no employees that have been on his payroll during the period indicated." *Id.*

### **Standard of Review**

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C § 636(b). The district judge "must make a de novo determination of those portions of

1  the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in
2  part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The
3  district court need not review *de novo* those portions of a Report and Recommendation to
4  which neither party objects. *Wang v. Masaitis*, 416 F.3d 992, 100 n. 13 (9th Cir. 2005); *United*
5  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

## **Analysis**

7  With regard to Excelsior's assertion that Frye has failed to comply with its post-
8  judgment document requests, Frye contends that he believes he is only obligated to make the
9  documents available for inspection and that he is not required to make copies of the requested
10 documents. Frye also requests that the Court require Excelsior to arrange for inspection of
11 documents at Frye's location or a mutually agreed to location. Contrary to Frye's assertion,
12 however, Excelsior does not request that Frye make copies of the requested documents to be
13 provided to Excelsior. Frye also does not assert that Excelsior refused to arrange for the
14 inspection of documents at a mutually agreed to location. To the contrary, in the post-
15 judgment document request, Excelsior requested that Frye produce specified documents for
16 inspection within thirty (30) days at the office of Excelsior's counsel, or at such other time and
17 place as may be agreed upon by counsel for the parties. *See Doc. 470,* Exhibit A-1. There is
18 no indication that Excelsior failed to comply with procedures governing document production
19 under California or federal law. The October 2 Order required that Frye comply with
20 Excelsior's post- judgment document request. The R&R certifies that on October 17, 2007,
21 Frye served Excelsior with a written response to the request for production of documents,
22 which "states he will make responsive documents available for inspection and copying,
23 however, no documents have been produced," and concluded that Frye failed to comply with
24 the October 2 Order. *R&R,* p. 2-3. The Court has reviewed the record de novo, and concludes
25 that Frye has failed comply with the October 2 Order and Excelsior's post-judgment document
26 request, despite his statements that he will make responsive documents available for inspection
27 and copying. In light of the foregoing, the Court orders Frye to produce for inspection and
28 copying the documents requested by Excelsior in its post-judgment document request on or

before Monday, July 13, 2009 at the office of Excelsior's counsel, or at another place as may be agreed upon by the parties. Frye will be subject to sanctions if he fails to comply with Excelsior's post-judgment document request on or before Monday, July 13, 2009.

With respect to the R&R's conclusion that Frye has failed to provide complete written answers to Excelsior's post-judgment interrogatories 1-3, 19, 6, 8-10, 11-12, and 21, Frye submitted a second amended response to the interrogatories. Frye's answers in the second amended respose to interrogatories 1-3, 19, 6, 8-10, and 21 cure the deficiencies addressed in the R&R and comply with the October 2 Order. However, Frye's answers in the second amended response with respect to interrogatories 11-12 (that he has no interest in real property) are still incomplete. In Frye's opposition to Excelsior's motion to compel, Frye asserted that discovery relating to certain assets which were listed by Frye as exempt in his bankruptcy action was irrelevant because the assets are not available to satisfy any pre-bankruptcy debt. The October 2 Order, however, rejected this assertion and required Frye to answer Excelsior's interrogatories. The Magistrate Judge stated that "[t]he information and documents sought" by Excelsior in its post-judgment interrogatories "are directly relevant to judgment collection efforts." *Oct. 2 Order,* p. 2-3. Despite Magistrate Judge's ruling in the October 2 Order, Plaintiff continues to maintain that he has no interest in real property. The Court has reviewed the record de novo, and concludes that Plaintiff's responses to interrogatories 11-12 are non-responsive, incomplete and non-compliant with the October 2 Order. The Court orders Frye to provide Excelsior with written responses to interrogatories 11-12 that detail all of his real property interests, regardless of whether Frye has listed these assets as exempt in his bankruptcy action, on or before July 13, 2009. Frye will be subject to sanctions if he fails to provide complete written responses to interrogatories 11-12.

IT IS HEREBY ORDERED that the Motion for Contempt (Doc. # 494) is **GRANTED in part,** and the Report and Recommendation (Doc. # 514) is **ADOPTED in part.** Charles M. Frye shall produce copies of all documents responsive to Excelsior's post-judgment document request to the Helsin, Rothernberg, Farley & Mesiti firm, or at another location if the parties so agree, on or before **Monday, July 13, 2009**. Charles M. Frye shall provide

1  written responses to interrogatories 11 and 12 detailing all of his real property interests,
2  regardless of whether the assets are listed as exempt in Frye's bankruptcy action, on or before
3  **Monday, July 13, 2009.**  If Charles M. Frye fails to comply with this Court's Order, he will
4  be subject to contempt proceedings for repeated and ongoing failure to comply with the orders
5  of the Court.  *See* Fed. R. Civ. P. 37(b)(a)(A).

6  DATED:  June 4, 2009

*(signature)*
**WILLIAM Q. HAYES**
United States District Judge